Estate of John Hertzler, deceased.   Appeal of John
Hertzler, Mary A. Hertzler and Elizabeth E. Murray.

*Trustees—Accounting—Interest.*

Where testamentary trustees have charged themselves with interest in
excess of five per cent, and the trust has extended over a long period of
time, and settlements have been made on the basis of the interest charged
in the accounts, and large payments have been made to the beneficiaries,
the court will not charge the trustees with interest at six per cent because
of their having commingled the trust funds with their own.

Argued May 17, 1899.   Appeal, No. 321, Jan. T., 1898, by
John Hertzler et al., from decree of O. C. Lancaster Co., dis-
missing exceptions to auditor's report.   Before GREEN, MC-
COLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to auditors' report.
The facts appear by the report of Hertzler's Estate, Moore's
Appeal, ante, p. 531.

The auditors reported in part as follows :
In investigating the question as to the claim of compound
interest charged by the accountants against themselves, and the
counterclaim that, as the accountants have used the moneys of
the estate, six per cent interest should be charged against them
instead of five per cent, the auditors have, after considerable
difficulty, ascertained that, while the alleged compounding of
the interest makes the charge in excess of five per cent, it does
not in the aggregate exceed six per cent.   Conceding that the
rule of law is that interest shall be charged against trustees
commingling funds of their estate with their own, yet the au-
ditors have concluded that, as a long period of time has elapsed,
and settlements have been made on the basis of the interest
charged in the accounts, and large payments have been paid to
the exceptants, that it is equitable to all parties not to disturb
the charge.   The liability of an executor for interest in this
state has been the subject of legislative enactment.   By the
17th section of the Act of March 29, 1832, Purd. Dig. p. 300,
pl. 165, it is provided that " the amount of interest to be paid

in all cases by executors, administrators, and guardians shall be determined by the orphans' court under all the circumstances of the case, but it shall not in any case exceed the legal rate of interest for the time being : " Norris's Appeal, 71 Pa. 106.

Exceptions were filed to the auditors' report by the children of John Hertzler, deceased, as follows :

1. The auditors erred in not surcharging the accountants with the difference between five per cent, the rate of interest with which the accountants charge themselves on moneys in their hands, and six per cent, the legal rate of interest. [1]

2. Referring to the item of interest, the auditors erred in finding as follows : " It is equitable to all parties not to disturb the charge." [2]

3. The auditors erred in surcharging the accountants with only two thirds of error in dividends of Columbia National Bank stock. They should have surcharged the accountants with the full amount of the error. [3]

4. The auditors erred in surcharging the accountants with only two thirds of the value of the allotment of the increase of stock of Columbia National Bank. They should have surcharged the accountants with the full value of the allotment. [4]

5. The auditors erred in surcharging the accountants with only two thirds of the dividends declared on 100 shares of stock of the First National Bank of Lancaster between May 4, 1864, and August 18, 1880. They should have surcharged the accountants with the full amount of the dividends on said stock between the said periods. [5]

6. The auditors erred in surcharging the accountants with only two thirds of the value of the allotment of fifty shares of increase of the stock of the First National Bank of Lancaster. They should have surcharged the accountants with the full value of said allotment. [6]

7. The auditors erred in not surcharging the accountants with the full premium of the allotted stock of the First National Bank of Lancaster. [7]

*Errors assigned* were (1–7) in dismissing exceptions to auditors' report, quoting the same.

*J. Hay Brown*, of *Brown & Hensel*, for appellant.

*John G. Johnson,* with him *H. M.* and *E. D. North,* for appellee.

OPINION BY MR. JUSTICE DEAN, July 19, 1899 :

This is an appeal by the legatees from the same decree from which the executors of their father's estate appealed, and in which an opinion has been this day handed down, ante, p. 531. We fail to discover such merit in any of the assignments of error as calls for special notice. All of them are to findings and conclusions of the auditors, which findings and conclusions are sufficiently vindicated in the report filed.

The appeal is therefore dismissed, costs to be paid out of the fund.